

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2003

# USA v. Kimley

Precedential or Non-Precedential: Non-Precedential

Docket 01-4324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Kimley" (2003). *2003 Decisions*. Paper 745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-4324
_____

UNITED STATES OF AMERICA

v.

EDWARD KIMLEY,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cr-00328-1)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
on December 10, 2002

Before: BECKER, Chief Judge, ROTH
and SMITH Circuit Judges

(Opinion filed   March 12, 2003 )

_____

O P I N I O N
_____

ROTH, Circuit Judge:

Edward Kimley pled guilty to three counts of an eight-count indictment pursuant to a plea agreement with the government.[1] During the plea hearing, Kimley admitted to distributing a total of 95.8 grams of crack cocaine that he had manufactured from cocaine powder at an informant's request. Kimley expressly reserved a claim of "sentencing entrapment" and moved for a downward departure on that ground. At the sentencing hearing, Kimley testified and, against the advice of his counsel, presented the informant as a witness. The District Court granted a downward departure, based on the overstatement of Kimley's criminal history, and imposed a sentence of 140 months imprisonment. The court did not grant a downward departure on the basis of sentence entrapment.

Kimley appealed, and his counsel filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967). His counsel was unable to identify any non-frivolous issues to support Kimley's appeal and moved to withdraw. As required by Anders, counsel pointed out the issues and portions of the record that might arguably support an appeal. Kimley was given notice of his attorney's desire to withdraw, as required by Anders, so that Kimley could raise any issues for appeal in a *pro se* brief. Kimley did so and raised the following issues: (1) he was the victim of sentencing entrapment, (2) the government

---

[1]Kimley entered a guilty plea on the following three counts, in exchange for (*inter alia)* dismissal of the remaining counts: a) Count Four: distribution of 46.9 grams of crack cocaine on August 19, 1999; b) Count Five: distribution of the 48.9 grams of crack cocaine on September 22, 1999; and c) Count Seven: possession of cocaine with intent to distribute on May 18, 2000. These were all violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

failed to turn over at sentencing certain impeachment evidence regarding a defense witness, (3) the government failed to produce for the defendant an audiotape made in the undercover investigation, and (4) the government intentionally altered the contents of an audiotape made during a drug purchase between a confidential source and Kimley. We have reviewed the record and agree that there are no non-frivolous issues to be appealed.

First, we are without jurisdiction to review Kimley's allegation that he was the victim of sentencing entrapment. Kimley alleges both that the informant induced him to commit the more serious crime of selling crack (rather than powder cocaine) and that the government manipulated his sentence by asking the informant to purchase crack from Kimley on more than one occasion. At the time of the sentencing hearing, Kimley's attorney moved for a downward departure on the basis of sentencing enhancement. Kimley himself in his *pro se* brief contended that he should have been sentenced for a powder cocaine offense, rather than a crack cocaine offense. The District Court chose to treat the sentencing enhancement issue in the manner requested by Kimley's attorney, as a motion for downward departure. The court acknowledged its power to so depart but declined to do so because it found that the circumstances did not come close to justifying such a departure. We have "limited appellate jurisdiction to review federal sentences [under] 18 U.S.C. § 3742[a]**."** <u>Koon v. United States</u>, 518 U.S. 81, 96 (1996). This statute does <u>not</u> confer appellate jurisdiction to review a district court's discretionary decision to deny a request for a downward departure when the district court acknowledges that it is empowered to depart. <u>See</u> <u>United States v. Ruiz</u>, 122 S.Ct. 2450, 2454 (2002).

Next, we find wholly frivolous Kimley's claim that the government violated its disclosure obligations following his guilty plea. Kimley claims that the government violated Jencks[2] and Giglio[3] by failing to disclose, prior to the sentencing hearing, that the cooperating witness was paid by the government for her assistance in investigating and prosecuting Kimley. Kimley called the cooperating witness to give testimony at the sentencing hearing. The Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment . . .." Brady v. Maryland, 373 U.S. 83, 87 (1963). The purpose of the Brady rule is to ensure that the prosecution discloses evidence favorable to the defendant that, "if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985). However, there is no requirement that the government must disclose to the defense that material which would allow the defendant to impeach his own witness.[4] Cf. Giglio, 405 U.S. at 154-55 (requiring the government to disclose certain promises made to its key government witness/co-conspirator). Further, Kimley's claim is frivolous because Kimley had learned of the payments by at least the time of the sentencing hearing and was able to use that information to attempt to discredit the testimony of the cooperating witness.

_____

[2]See 18 U.S.C. § 3500 *et seq.*

[3]See Giglio v. United States, 405 U.S. 150 (1972).

[4]See also United States v. Ruiz, 122 S.Ct. 2450, 2457 (2002) ("the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant").

4

We also find wholly frivolous Kimley's claim that the government failed to produce an audiotape made in the undercover investigation. Kimley received the portion of the tape which was recorded during the July 27, 1999, drug transaction, but he did not receive the remainder, which contained a police debriefing of the cooperating witness. Kimley does, however, admit to receiving, prior to the sentencing hearing, an investigative report that was consistent with the contents of the entire tape. Further, Kimley learned about the tape prior to the sentencing hearing but did not request that the district court compel production of the tape itself. Moreover, the audiotape did not support Kimley's sentencing entrapment allegations. It is frivolous, therefore, to protest that he received only a written summary rather than a copy of the debriefing tape.

Finally, Kimley's allegation that the government intentionally altered the contents of an audiotape made during a drug purchase is wholly frivolous. Kimley claimed that the government had a videotape that would prove his sentencing entrapment claims and that the government falsely claimed that no recording had been made due to technical errors. The District Court found that Kimley had no support for this allegation. The basis for Kimley's claim that the government altered the audiotape of the August 19, 1999, drug transaction was because an amended transcript had been supplied to him. The government explained that the earlier transcripts were draft copies and not final. Kimley's counsel signed a stipulation demonstrating awareness of this fact. Moreover, once tape recordings have been properly admitted as evidence, the burden is on the defendant to show evidence of tampering. See generally United States v. Muzychka, 725 F.2d 1061, 1069-70 (3d Cir.

5

1984) (defendant's motion to suppress tape recordings on the ground that not all conversations were recorded was properly denied as "there is no evidence that [the tapes] were altered so as to give a misleading account of the recorded conversations"); see also United States v. Stewart, 104 F.3d 1377, 1383 (D.C. Cir. 1997) (there is a "presumption that evidence held by government officials has been properly preserved" where a defendant challenged the chain of custody). Kimley offered no evidence that the audiotape was altered and his lawyers conceded that his expert could find no evidence of alteration.

For the foregoing reasons, we will affirm the judgment of the district court and we will grant counsel's request to withdraw.

_____

TO THE CLERK:

    Please file the foregoing Opinion.

By the Court,

 /s/ Jane R. Roth
Circuit Judge